[No. 6320.    Decided March 23, 1907.]

PATRICK DESMOND, *Respondent*, v. CARL A. SANDER *et al.*,
*Appellants.*[1]

WATERS—APPROPRIATION—IRRIGATION—OBSTRUCTION OF STREAM— EVIDENCE—SUFFICIENCY. The evidence sustains findings for the plaintiff in an action to restrain the obstruction of a stream used for irrigating plaintiff's lands, where it appears that the waters were appropriated and used by the plaintiff and his grantor since 1868, when defendants' lands were unoccupied, and which were not irrigated until 1884, and that after the defendants had constructed dams, the plaintiff could not irrigate his lands as successfully as before, and the evidence for the defendants fails to satisfactorily sustain their contention that the water they were seeking to collect came by seepage from another source than the stream in question.

[1]Reported in 89 Pac. 179.

Appeal from a judgment of the superior court for Kittitas county, Rigg, J., entered December 19, 1905, upon findings in favor of the plaintiff, enjoining the defendants from obstructing and interfering with the waters of a creek, appropriated and used for irrigation purposes. Affirmed.

*Austin Mires* and *John B. Davidson* (*Graves & McDaniels*, of counsel), for appellants.

*Hovey & Hale*, for respondent.

Crow, J.—About the year 1868, one R. A. Maple settled upon the south half of the northeast quarter, and all of the southeast quarter of section 21, in township 18, north, of range 18, east of the Willamette Meridian, now in Kittitas county, and afterwards acquired title thereto. Immediately upon making such settlement he, for irrigation purposes, made an appropriation of the waters of Reeser creek, and afterwards conveyed the land and water right to the plaintiff, Patrick Desmond, who now owns and is in possession of the same. Patrick Desmond and his grantor, R. A. Maple, have, since such original settlement and appropriation, continuously cultivated the above described land, using the waters of Reeser creek to irrigate the same. The defendants Carl A. Sander and Olive Sander, his wife, are the owners and in possession of the northwest quarter of section 22 and the southeast quarter of section 16, in township 18, north, of range 18, east of the Willamette Meridian, lying to the north and northeast of, and adjoining, the plaintiff's land. The defendant Jacob Bowers is the owner of the northwest quarter of section 21, and holds a lease of the southwest quarter of section 16. all in township 18, north, of range 18 E., W. M., lying northwest of and adjoining the lands of the plaintiff.

About the year 1904 a large irrigation ditch, known as the Cascade canal, was constructed some distance north of all of the above described lands, carrying water from the Yakima river and intersecting Reeser creek in its course. For many

years prior to the commencement of this action, the defendant Bowers had irrigated his lands with waters taken from First creek, an independent stream, and in no way connected either with the Cascade canal or Reeser creek. The defendants Sander and wife never cultivated their lands until the year 1904, after the construction of the Cascade canal, from which they then obtained irrigating water. Early in May, 1905, the defendants Sander and Bowers constructed separate dams across Reeser creek on their respective lands and above the lands of plaintiff, for the purpose, as they claim, of catching, storing, and preserving water which they allege is wasted or leaks from the Cascade canal, or comes by seepage through their own lands from the waters received from such canal, or from First creek, and used by them in irrigation. On May 15, 1905, the plaintiff, Patrick Desmond, commenced this action against the defendants, Carl A. Sander, Olive Sander, his wife, and Jacob Bowers, to enjoin them from maintaining such dams, alleging that they were interfering with his use and enjoyment of the waters of Reeser creek, to which he was entitled. On trial judgment was entered in favor of the plaintiff, granting the injunction, and the defendants have appealed.

All of the assignments of error are based on the contention that the trial court erred in making its findings of fact, and in refusing those requested by appellants. It will thus be seen that the controlling questions now before us are questions of fact only. The trial court found that the parties severally own the tracts of land above mentioned; that Reeser creek, a perennial stream, now flows, and from time immemorial has flowed, from a point on Sander's north boundary down through his and Bowers' lands, to and through the lands of the respondent; that said stream flows a large quantity of water which diminishes as the season advances; that its surface channel, at points north of Sander's land, ordinarily becomes dry before the month of June; that after the surface channel has become dry at the points aforesaid, water

rises at points lower down in the bed of the channel, first upon the lands of the appellants Sander, and after so rising, flows down through the channel to and upon the lands of the respondent; that the quantity of water so flowing is variable, decreasing as the season advances; that in ordinary seasons it flows in sufficient quantities to be used by the respondent during the irrigation season; that during some years it can be used on his land for a later period; that at the time respondent's lands were first settled and the water was used thereon, the lands of the appellants were unoccupied and unfenced; that the first cultivation of the lands of the appellant Bowers was about the year 1884; that the first cultivation of the lands of the appellants Sander was in the year 1904; that the appellants in open court disclaimed any right to the water of Reeser creek; that they had, at various times in the past two years, placed dams in its channel upon their own lands, retarding the natural flow of its water, and have constructed ditches and have diverted such water; that their conduct has interfered with the flow of the water which would otherwise reach the land of the respondent, and which could be used by him in irrigation, and that their conduct has deprived the respondent of sufficient water to properly irrigate and cultivate his land.

These findings are in substantial accord with the contentions of the respondent. The appellants insisted that Reeser creek, from and after the 1st day of May in each year, became entirely dry, save that a small quantity of water stood in low places or pools in its bed, but which was in no way running water and could not flow to the lands of the respondent; that, by reason of the irrigation of the appellant Sander's land from the Cascade canal, and the irrigation of the appellant Bowers' land from First creek, a considerable amount of waste water collected by seepage in the bed of Reeser creek on their lands, creating a small flowing stream; that none of such water came from the upper portion or sources of Reeser creek, which at that time was entirely dry; that

the appellants constructed their dams for the purpose of storing and retaining such seepage water, which belonged to them, and using it in irrigation on their own lands. They disclaimed any right to the waters of Reeser creek, conceding respondent's right thereto, but contended that they did not use the dams until late in the year after the respondent had used all of the waters of Reeser creek to which he was entitled or which he could obtain.

We have carefully examined the evidence and, in the light of the surrounding circumstances, conclude that its preponderance sustains the findings made by the trial court. It unquestionably appears that the respondent and his grantor successfully irrigated their land from the waters of Reeser creek at all times since its original settlement; that the appellants Sander did not irrigate or cultivate their land until about the year 1904, after the Cascade canal was constructed; that although the appellant Bowers has for many years irrigated his land from the waters of First creek, he irrigated the eastern portion thereof for only a part of that time, and that since the construction of these dams the respondent cannot irrigate his lands as successfully as before. We fail to find that the evidence satisfactorily sustains the contention of the appellants that the water they were seeking to collect and use in the bed of Reeser creek came by seepage from their own lands or from First creek, or the Cascade canal.

The findings made by the trial court, which we now adopt, sustain the final judgment, and it is accordingly affirmed.

HADLEY, C. J., MOUNT, and FULLERTON, JJ., concur.